By the Court, Bronson, J.
If there had been notice to the plaintiff of the agreement of Lee and Klock to pay off the mortgage, I do not see how that could prejudice the plaintiff’s title in a court of law. But as he had no notice of the a°Tee-O ment, it is quite clear that he Cannot be affected by it.
After taking an assignment of the mortgage, the plaintiff acquired the equity of redemption, as to the south half of the premises, by the deed from Lee and Klock. If that had been a Conteyance of the whole of the property, I should not be prepared to say that the mortgage was extinguished. But however that may be, talcing a conveyance of the equity of redemption as to only one half of *110 the property, could, at the most, only operate to extinguish one half, or some other portion, of the mortgage debt; * and the plaintiff might well foreclose and sell for the residue.
When there is a foreclosure under the statute, the notice must specify, among other things, the amount claimed to be due on the mortgage at the time of the first publication. (2 R. S. 546, § 4.) But the statute imposes no penalty for claiming more than is really due; and if such a claim could, under any circumstances, affect the validity of the sale, it certainly could not in a case like this, where, if the plaintiff has in fact demanded too much, it has not resulted from a fraudulent purpose, but from a mistake concerning his legal rights.
Under the act of 1813, a foreclosure by auvertisement ana sale does not prejudice any creditor, to whom the mortgaged premises are bound by a judgment at law, or a decree in equity. (1 R. L. 373, 374, § 5, first proviso.) But Elwood did not stand in the character of a judgment creditor, having a lien at the time of the mortgage sale. He had previously sold under his judgment, and his right to a deed from the sheriff had become perfect on the 8th of February, 1836, when the time allowed for redeeming expired; although the conveyance was not made until the 23d of May, 1836, which was after the mortgage sale, the deed undoubtedly took effect, by relation, from the time when it might have been demanded, which was prior to the sale on the mortgage. At the time of that sale, Elwood stood in the character of grantee or assignee of the mortgagors, and as such he was foreclosed of all equity of redemption. The statute has no saving clause in favor of those who have acquired the title or equity of redemption of the mortgagor; it only saves other mortgagees, and creditors having a lien by judgment or decree.
Elwood must claim in one of two ways, and not in both. He must say, either that he was the owner of the equity of redemption at the time of the mortgage sale; or that he was a judgment creditor having a lien. If he claims the *111 equity of redemption, the answer" is, that that interest has been foreclosed; if he claims merely as a judgment creditor having a lien, he must then go into equity and redeem. He clearly has no title at law.
The defendant has of course acquired only such rights as belonged to Elwood, his grantor. The cause was properly disposed of at the circuit.
New trial denied.